IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**TAMARA MUCHIARONE,**            CASE NO. 3:24 CV 1688

     Plaintiff,

     v.                                            JUDGE JAMES R. KNEPP II

**BOARD OF EDUCATION OF**
**THE TOLEDO CITY SCHOOL**
**DISTRICT, et al.,**
                                                         **MEMORANDUM OPINION AND**
     Defendants.                         **ORDER**

### INTRODUCTION

Currently pending before the Court is Defendant Carnel Smith's Renewed Motion for Leave to File Counterclaim *Instanter* Based on New Evidence. (Doc. 26). Plaintiff Tamara Muchiarone opposes and requests sanctions. (Doc. 28). Smith did not reply and the time in which to do so has expired. Jurisdiction in this matter is proper under 28 U.S.C. §§ 1331 and 1367. For the reasons set forth below, the Court denies Smith's Motion.

### BACKGROUND

As this Court set forth in its previous Order addressing Smith's first motion for leave, Plaintiff filed the instant case on September 30, 2024, naming as Defendants the Board of Education of the Toledo City School District and Carnel Smith. (Doc. 1). Plaintiff, a teacher, alleges Smith, the principal at her school, sexually harassed her. *See id.* She brings claims for sexual harassment, hostile work environment, sex discrimination, and retaliation under Title VII and Ohio state law. *See id.*

At a November 19, 2024, case management conference, the Court set December 10, 2024, as the deadline to amend pleadings. (Doc. 8, at 2). This date was jointly proposed by the parties in their Report of Parties' Planning Meeting. (Doc. 7, at 2).

On April 4, 2025, Smith filed his first motion to amend to add a counterclaim for abuse of process. (Doc. 14). Following briefing, this Court denied that motion on July 21, 2025. (Doc. 23). Therein, the Court noted that it was inclined to find a lack of good cause to modify the scheduling order under Rule 16, but ultimately ruled that the proposed amendment would be futile, as the parties focused their arguments on the Rule 15 factors. *See id.* at 5-11. The Court held that the proposed counterclaim was futile because Smith did "not allege any 'further act' Plaintiff has undertaken 'in the use of process not proper in the regular conduct of the proceeding'" as required for an abuse of process claim. (Doc. 23, at 10) (citing *Clermont Envt'l Reclamation Co. v. Hancock*, 16 Ohio App. 3d 9, 11 (1984)).

## STANDARD OF REVIEW

Amendment to add a counterclaim is governed by Rule 15 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 13 advisory committee's note to 2009 amendment ("Rule 13(f) is deleted as largely redundant and potentially misleading. An amendment to add a counterclaim will be governed by Rule 15."); Fed. R. Civ. P. 15 advisory committee's note to 2009 amendment ("Abrogation of Rule 13(f) establishes Rule 15 as the sole rule governing amendment of a pleading to add a counterclaim."). After a party's right to amend its pleading as a matter of course expires, a party may amend only with the opposing party's written consent or leave of court. Fed. R. Civ. P. 15(a). Under Rule 15(a)(2), courts "should freely give leave when justice so requires."

2

The appropriate factors to consider in determining whether to permit an amendment include: "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). A district court enjoys "considerable discretion" in determining whether leave should be granted. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

In addition to the requirements of Rule 15, Rule 16 provides that a scheduling order establishing deadlines for matters such as amendments to pleadings "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Thus, when seeking to amend after the deadline in the scheduling order, the movant must satisfy not only the relatively liberal requirements of Rule 15 but also the more exacting 'good cause' standard of Rule 16." *Snyder v. Erie Ins. Exch.*, 2023 WL 12047213, at *1 (W.D. Tenn.). Unlike Rule 15, Rule 16 also requires diligence by the party seeking amendment. *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 478 (6th Cir. 2014) ("'The primary measure of Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements,' though courts may also consider prejudice to the nonmoving party.") (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

Once a scheduling order's deadline passes, therefore, a party must *first* show good cause under Rule 16(b) for the failure to seek leave to amend prior to the scheduling order's deadline before a Court will consider whether amendment is proper under Rule 15(a). *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). A determination of the potential prejudice to the nonmoving party is also required in deciding whether to allow amendment. *Id.*

3

Good Cause Under Rule 16

As the Court stated in its previous Order, it is Smith's burden, as the party seeking amendment after the scheduling order's deadline, to "show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary*, 349 F.3d at 909; *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 449 (6th Cir. 2010) (holding a party who fails to seek leave to amend a scheduling order deadline must demonstrate good cause for the failure to timely move); *OM Shiv Hosp., L.L.C. v. Northfield Ins. Co.*, 2025 WL 1762288, at *2 (S.D. Ohio) ("The party seeking to amend the scheduling order bears the burden of demonstrating good cause.").

Parties "can demonstrate 'good cause' for their failure to comply with the original schedule . . . by showing that despite their diligence they could not meet the original deadline." *Leary*, 349 F.3d at 907; *see also Marcilis v. Twp. of Redford*, 693 F.3d 589, 597 (6th Cir. 2012) ("A court asked to modify a scheduling order for good cause 'may do so only if [a deadline] cannot reasonably be met despite the diligence of the party seeking the extension.'") (quoting *Leary*, 349 F.3d at 906); *Inge*, 281 F.3d at 625 ("The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements").

### DISCUSSION

Smith, now for the second time, moves for leave to file a counterclaim against Plaintiff for the Ohio state law claim of abuse of process. (Doc. 26). He asserts that "[n]ew evidence has been discovered" since the filing of his first motion that demonstrates the "further act" necessary to assert an abuse of process claim. *Id.* at 2. The new evidence Smith cites is from Plaintiff's May 2025 deposition. *Id.* at 3. Plaintiff's response is two-fold: first, Smith's request to amend is

4

untimely and he has not demonstrated good cause under Rule 16(b), and second, that the proposed amendment is futile. For the reasons set forth below, the Court denies Smith's renewed motion.

The "new" evidence to which Smith points is the following testimony from Plaintiff's May 15, 2025, deposition:

> Q: Okay. So it was your choice to go to the media to get your story out?
>
> A: Yes. And to file all at the same time, to file in Federal Court and to go to the media. It's something that had always been there. I was like no, let's see if he will do the right thing. Let me hope that they do something.
>
> * * *
>
> Q: Okay. So going back to the media, did you contact them or did they contact you?
>
> A: I believe we reached out to them.

(Doc. 26-2, at 2). In his amended proposed counterclaim, Smith alleges:

> 26. In her ongoing pursuit of revenge against Defendant Smith and then TPS, on September 30, 2024, Plaintiff filed her Complaint in this Court raising the same allegations against Defendant Smith as she asserted in the Second Harassment Claim and in the OCRC and EEOC Charges.
>
> 27. At the same time, Plaintiff contacted the media to do the following, including but not limited to, spread lies about Mr. Smith to damage his reputation and improperly coerce his employers into taking adverse action against him.

(Doc. 26-1, at 4-5).

Smith contends discovery of this new evidence provides good cause to modify the scheduling order, and these allegations demonstrate the "further act" necessary to plausibly assert an abuse of process claim. *See* Doc. 26.

But the Court agrees with Plaintiff that this is not "new" evidence demonstrating good cause to modify the scheduling order. By the allegations of Smith's own proposed counterclaim,

5

Plaintiff contacted the media "[a]t the same time" she filed this lawsuit; this suit was filed in September 2024. Plaintiff points out that WTOL aired a story and published an article on October 31, 2024, and that the story included a comment from Defendant Board of Education of Toledo Public Schools. The fact that Plaintiff testified in May 2025 regarding contacting the media does not transform this information into "new" evidence.

Again, "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements[.]" *Inge*, 281 F.3d at 625. Here, Smith presents no allegation that he was unaware of the fall 2024 news story. Instead, he seemingly asserts the information newly-obtained is that Plaintiff contacted the media rather than vice versa. But if Smith believed Plaintiff's initiation of the media story was a necessary element to establish an abuse of process claim, he did not act diligently in attempting to obtain this information. He could have issued discovery requests prior to the amended pleadings deadline to obtain that information. Or he could have, at the very least, sought this information through discovery prior to filing his first motion for leave to amend to add a counterclaim. Instead, he did not raise this proposed claim until after this Court had evaluated his first proposed counterclaim and determined allowing the amendment would be futile because it alleged no "further act[.]" Only then did Smith attempt to identify that further act. The Court finds Smith fails to demonstrate that h\e could not have reasonably met the deadline for amending pleadings. *See Marcilis* 693 F.3d at 597 ("A court asked to modify a scheduling order for good cause 'may do so only if [a deadline] cannot reasonably be met despite the diligence of the party seeking the extension.'") (quoting *Leary*, 349 F.3d at 906).

6

For the above reasons, the Court finds Smith has not demonstrated good cause to modify the scheduling order under Federal Civil Rule 16 and his renewed motion is therefore denied on that basis.[1]

## Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant Carnel Smith's Renewed Motion for Leave to File Counterclaim *Instanter* (Doc. 26) be, and the same hereby is, DENIED.

  s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: September 16, 2025

---

1. The Court denies Plaintiff's request for sanctions. Although unsuccessful, the Court finds the filing was not frivolous, nor filed for an improper purpose.